UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORIGA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO: 1:22-CR-53 |
| | ) | |
| v. | ) | |
| | ) | |
| BRADLEY FEARNEYHOUGH | ) | |

### GOVERNMENT'S COMBINED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

Now comes the United States of America, by and through David H. Estes, United States Attorney for the Southern District of Georgia, and the undersigned Assistant United States Attorney, and hereby responds to the Defendant's Pretrial Motions (**Doc. Nos. 16-35**), showing the Court as follows:

### Preliminary Statement

The Government has provided expanded discovery in this case by producing to Defendant's counsel an electronic copy of the investigative file, written reports from the investigative agency, witness statements, statements by Defendant, and other documents that are material to this case (attorney and agent work product excepted) via USAfx, the Government's internet cloud based discovery system.

The Government is aware of its continuing obligation under *Brady* and *Giglio* to provide exculpatory and impeachment evidence to Defendant. The Government is willing to timely provide any *Brady* material if and whenever it is received or occurs and will provide any *Giglio* material not already produced in the discovery materials no later than one week prior to trial. Such material the Government is willing to provide would potentially include plea agreements, any promises of leniency or grants

of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, impeachable criminal convictions, prior inconsistent statements, or the like.

The Government is willing to provide any additional Jencks Act material not already produced to Defendant one week prior to trial. The Government is also willing to provide rap sheets or criminal convictions of witnesses, which the Government learns about, and which could properly be used for impeachment under Rule 609 of the Federal Rules of Evidence, one week prior to trial. The Government opposes, however, being compelled to compile witness lists. See e.g. *United States v. Johnson*, 713 F.2d 654 (11th Cir. 1983).

All known statements by Defendant have been produced to Defendant.

No polygraph examinations were conducted in this case.

If any scientific tests were conducted or exemplars taken and the results are available, those results have been produced to Defendant in the discovery materials. The Government is not aware of any such tests currently being performed. If, however, any such tests are conducted in the future, the results will be provided upon their receipt.

The Government did not employ the use of experts or expert analysis in this case, and, at present, the Government would not anticipate calling expert witnesses at the trial of this case. If applicable, the Government is willing to provide notice with regard to any expert witnesses two weeks prior to trial.

Federal agents' rough notes, if any, will be maintained and produced only upon court order.

Any surveillance or taped conversations in this case have been provided to Defendant. If any other such materials are identified, the Government will produce them to Defendant upon their receipt.

Witness statements, if any, have been provided to Defendant in the discovery materials.

If at any time prior to trial Defendant would like to view, inspect, or test any physical evidence in this case, he, through his attorney, may contact the undersigned Assistant United States Attorney, to schedule a mutually convenient time to meet for such a purpose.

The Government's expanded discovery policy in this case should satisfy Defendant's discovery motions, rendering such motions moot. However, to the extent that Defendant's motions exceed the requirements of Rule 16 of the Federal Rules of Criminal Procedure and the Government's expanded discovery policy in this case, the Government opposes the motions.

In addition, the Government hereby specifically responds to Defendant's pre-trial motions as follows:

**Defendant's Preliminary Motion to Dismiss (Doc. No. 16)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. Preliminary motions to dismiss are incapable of a meaningful response until they are particularized with respect to the facts and legal basis for the dismissal. Accordingly, the Government respectfully requests that the Court deny the Defendant's instant motion.

**Defendant's Preliminary Motion to Sever (Doc. No. 17)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. Preliminary motions are incapable of a meaningful response until they are particularized with respect to the facts and legal basis for the remedy sought. Accordingly, the Government respectfully requests that the Court deny the Defendant's instant motion.

**Defendant's Preliminary Motion to Suppress (Doc. No. 18)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. None of the evidence provided is subject to suppression, and, absent an explicit expression to the contrary, the Government intends to use all of it. Likewise, preliminary motions to suppress are incapable of a meaningful response until they are particularized with respect to the evidence sought to be suppressed, facts relating to its acquisition by the government, and the legal basis for the suppression sought. As the Defendant's motion is incapable of a meaningful response, the Government respectfully requests that the Court deny the Defendant's instant motion.

**Defendant's Motion for Discovery (Doc. No. 19)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The Government submits that it has provided counsel for the defendant all discovery currently in its possession and will continue to provide

discovery as it becomes available. Accordingly, the Government respectfully requests that the Court deny the Defendant's instant motion as moot.

**Defendant's Motion for Disclosure Impeaching Information (Doc. Nos. 20 & 21)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The Government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as they are received by the U.S. Attorney's Office. This will include "rap" sheets for Defendant and witnesses, plea agreement, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the Government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available. As the Government has already provided all requested material in its possession and will continue to comply with its *Brady* and *Giglio* obligations, the Government respectfully requests the Court dismiss the Defendant's motion as moot.

**Defendant's Notice by the Government of Its Intention to Rely Upon Evidence of Other Crimes, Wrongs, Acts and Misconduct Evidence (Doc. No. 22)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The production to the Defendant in discovery of any item of evidence should be taken by the Defendant as an announcement of the Government's

intention to use such evidence at trial to prove the offenses charged. The Government recognizes its continuing duty to provide such materials as they become available. As the Government has already provided all requested material in its possession and will continue to comply, the Government respectfully requests the Court dismiss the Defendant's motion as moot.

**Defendant's Motion to Inspect, Examine and Test Physical Evidence (Doc. No. 23)**

Pursuant to its expanded discovery policy in this case, the Government will allow Defendant's counsel to inspect, examine and test all physical evidence in this case, if any, pursuant to the terms and conditions agreed upon by both parties. See Preliminary Statement.

**Defendant's Motion to Reserve the Right to File Additional Motions as They Become Necessary and Appropriate (Doc. No. 24)**

The Government respectfully submits Defendant's Motion to Reserve the Right to File Additional Motions as They Become Necessary and Appropriate to the sound discretion of the Court.

**Motion of Defendant to Preserve Evidence (Doc. No. 25)**

The Government will preserve the evidence in this case, including agent's rough notes. See Preliminary Statement. The Government, however, will oppose disclosure of agent's rough notes absent a threshold showing of relevancy and need by Defendant. See *United States v. Mena*, 863 F.2d 1522, 1529 (11th Cir. 1989), cert. denied, 493 U.S. 834 (1989).

**Defendant's Motion to Interview Government Controlled Witnesses (Doc. No. 26)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The defendant's motion requests this Court order the Government produce any unindicted co-conspirators for the purpose of interviews. The Government is unaware of any unindicted co-conspirators or any witness within the Government's control which the defendant cannot attempt to interview. The government is willing to reasonably assist the defendant if defense counsel will identify same.

**Defendant's Motion to Preserve Record as to Race of Each Veniremen at Trial (Doc. No. 27)**

The Government respectfully submits Defendant's Motion to Preserve Record as to Race of Each Veniremen to the sound discretion of the Court.

**Defendant's Motion for Production of Grand Jury Transcripts (Doc. No. 28)**

As soon as it is completed, a transcript of testimony before the grand jury in the case at bar will be provided to the Defendant in the same manner as statement summaries and investigative reports, without any requirement for particularized showings of need or further order of the Court, as provided by the Court's standing order memorialized in Local Rule LCrR 16.1.

**Defendant's Motion Reserving the Right to File Additional Motions (Doc. No. 29)**

Based upon the schedule set forth by the Court and the availability of pretrial discovery, the Government submits that all Fed.R.Crim.P. 12(b)(3) motions should have been timely filed. The Government reserves its right to object to the Defendant's

later filing of any motion listed within Rule 12(b)(3) that could have been submitted on or before the Court's deadline. As circumstances may warrant the late filing of a Rule 12(b)(3) motion by the Defendant, however, the Government withholds any anticipatory objection and asks for an opportunity to brief the issue should the Defendant file an out-of-time motion.

**Defendant's Motion for Discovery as to Statement of Defendant (Doc. No. 30)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The Government submits that it has provided counsel for the defendant all discovery currently in its possession, to include any and all statements by the Defendant, and will continue to provide discovery as it becomes available. The Government will not undertake to make complete transcriptions of all files, but to the extent that the government produces draft and/or authenticated transcriptions, they will be provided to the defense as they are produced. (Counsel should be aware that draft transcripts produced by persons not a party to the conversation are subject to change and correction after review and authentication by a party to the conversation.) Accordingly, the Government respectfully requests that the Court deny the Defendant's instant motion as moot.

**Defendant's Motion for Favorable Evidence Under *Brady* (Doc. No. 31)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. The Government will continue to provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to

its witnesses of an arguably impeaching nature, as they are received by the U.S. Attorney's Office. This will include "rap" sheets for defendants and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the government, prior inconsistent statements, misidentifications, or the like. The Government recognizes its continuing duty to provide such materials as they become available.

## Defendant's Motion to Disclose and Inspect All Documents and Items (Doc. No. 32)

Pursuant to its expanded discovery policy in this case, the Government will allow Defendant's counsel to inspect, examine and copy or photograph all physical evidence in this case, except for any materials determined to be child sex abuse material, pursuant to the terms and conditions agreed upon by both parties. See Preliminary Statement.

## Defendant's Motion to Inspect all Scientific Tests, Experiments, and Results (Doc. No. 33)

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. This investigative file would contain any scientific tests, experiments, and results, if any have been conducted. Pursuant to its expanded discovery policy in this case, the Government will allow Defendant's counsel to inspect and review scientific tests, experiments, and results in this case, if any, pursuant to the terms and conditions agreed upon by both parties. See Preliminary Statement.

**Defendant's Motion to Disclose All Tangible Objects, Accelerated Jencks Material Notes, Destroyed or Preserved (Doc. No. 34)**

Pursuant to the Government's expanded discovery policy in this case, the Government previously produced a copy of the investigative file in this matter. See Preliminary Statement. This investigative file would contain any Jencks material already in the position of the Government. All witness statements in the custody of the Government have been provided. The Government is willing to provide any additional Jencks Act material not already produced to Defendant one week prior to trial. The Government, however, will oppose disclosure of agent's rough notes absent a threshold showing of relevancy and need by Defendant. See *United States v. Mena*, 863 F.2d 1522, 1529 (11th Cir. 1989), cert. denied, 493 U.S. 834 (1989).

**Motion for List of Witnesses, Co-Conspirators, Knowledgeable Persons, Information, Law Enforcement Agents and Experts (Doc. No. 35)**

The Government's case file does not contain, nor by this response does the government represent that it will undertake to seek out or create, witness lists, government agent personnel files, intended orders of proof for trial, or expositions of the government's theory of the case and inferential contentions to be made from the evidence. To the extent that Defendant's demand may include such items, the government objects to their production or creation. The government's "work product" has long been exempt and protected from defense perusal. Fed.R.Crim.P. 16(a)(2); *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Because of the liberal and extensive discovery to be provided, there is no bona fide need for a list of witnesses. *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir.), *cert. denied*, 484 U.S. 827 (1987). The Defendant may construct a list of likely government witnesses from the

10

discovery provided. The creation of lists, summaries, orders of proof, and previews of the government's theory of the case and inferential jury arguments do not constitute the discovery of evidence in that such things are not evidence. Just because they might be helpful to Defendant to craft a trial strategy, fashion testimony, or tailor arguments, it does not change their character as attorney work product.

Respectfully submitted this 13th day of July, 2022.

DAVID H. ESTES
UNITED STATES ATTORNEY

*s/ Tara M. Lyons*
Tara M. Lyons
Assistant United States Attorney
Deputy Chief, Criminal Division
South Carolina Bar No. 16573
United States Attorney's Office
Southern District of Georgia
Post Office Box 2017
Augusta, Georgia 30903
T: (706) 826-4532
tara.lyons@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORIGA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO:  1:22-CR-53** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BRADLEY FEARNEYHOUGH** | ) | |

### CERTIFICATE OF SERVICE OF GOVERNMENTS COMBINED RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

I hereby certify that I have this day served the foregoing Governments Combined Response to Defendant's Pretrial Motions on the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 13th day of July 2022.

                                              DAVID H. ESTES
                                              UNITED STATES ATTORNEY

                                              ***s/ Tara M. Lyons***
                                              Tara M. Lyons
                                              Assistant United States Attorney
                                              Deputy Chief, Criminal Division
                                              South Carolina Bar No. 16573
                                              United States Attorney's Office
                                              Southern District of Georgia
                                              Post Office Box 2017
                                              Augusta, Georgia 30903
                                              T: (706) 826-4532
                                              tara.lyons@usdoj.gov